UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KEVIN OLIVER,

                Plaintiff,

      -against-

DR. NICHOLAS HADDOCK, DR. VINODH A.
KUMAR, and DR. BIDYUT PRAMANIK,

                Defendants.
------------------------------------X

08 Civ. 4608 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/10

DEBORAH A. BATTS, United States District Judge.

    This matter is before the Court upon the December 1, 2009 Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein (the "Report"). The Magistrate's Report recommends that Defendant Nicholas Haddock's Motion to Dismiss Plaintiff's Second Amended Complaint be GRANTED and Plaintiff's Cross-Motion for Summary Judgment be DENIED. (Report at 1.)

    According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy [of a Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b). Despite being advised of this procedure in Magistrate Judge Gorenstein's Report, (Report at 11) Plaintiff has filed no specific objections. Instead, the Court is in receipt of a letter from Plaintiff dated December 14, 2009, which was received by the Court of Appeals for the Second Circuit on January 5, 2010, and subsequently forwarded to this Court,

where it was received on January 19, 2010. In his letter, Plaintiff does not make objections to the Magistrate's Report, but seeks to appeal the Report, requesting "an application to appeal the decision and all related information to the matter".

It is well-settled law in this Circuit that "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision", Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008) (quoting Small v. Sec. of HHS, 892 F.2d 15, 16 (2d Cir. 1989)) and that this rule applies to pro se parties so long as the magistrate's report "explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." Small, 892 F.2d at 16. Magistrate Judge Gorenstein's Report and Recommendation dated December 1, 2009 plainly satisfies the Small requirements. (See Report at 11.) Despite clear notice from the Magistrate, Plaintiff did not file timely objections. As such, any objections are waived. Small, 892 F.2d at 16; see also Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Having reviewed the Report and Recommendation, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby ORDERED AND ADJUDGED that the Report

and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein, dated December 1, 2009, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety.

Upon the dismissal of Plaintiff's action against Defendant Dr. Haddock, two Defendants, Dr. Vinodh A. Kumar and Dr. Bidyut Pramanik remain in the case. Plaintiff filed his Second Amended Complaint on November 5, 2008. While summonses were issued for all three Defendants on November 18, 2008, Plaintiff properly executed service of the Second Amended Complaint on Defendant Haddock only. Plaintiff has offered no explanation for his failure to prosecute this case against these Defendants in the more than a year since he filed his Second Amended Complaint. Plaintiff is therefore ORDERED TO SHOW CAUSE why his claims against Defendants Dr. Kumar and Dr. Pramanik should not be dismissed for failure to prosecute. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (holding that a district court's authority to dismiss a plaintiff's action for failure to prosecute "cannot seriously be doubted"). Plaintiff is further ORDERED TO SHOW CAUSE why his claims against Defendants Dr. Kumar and Dr. Pramanik should not be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, for the reasons set forth in Magistrate Judge Gorenstein's Report for dismissing the action

against Dr. Haddock. If Plaintiff fails by Friday, February 19, 2010 to show cause, Plaintiff's Second Amended Complaint against Defendants Dr. Vinodh A. Kumar and Dr. Bidyut Pramanik shall be dismissed, with prejudice, for failure to prosecute, and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). See Palkovic v. Johnson, 150 Fed.Appx. 35, 37 (2d Cir. 2005) (citing Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988)) ("a district court has the power to dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), only where a plaintiff has been given an 'opportunity to be heard.'")

Plaintiff's showing of good cause, if any, shall be made by affidavit.

SO ORDERED.

Dated:     New York, New York
           January 22, 2010

                                    Deborah A. Batts
                                    United States District Judge

4